# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | IN THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Ashlee Smith, Individually, and on Behalf of All ) | CIVIL ACTION COVERSHEET |
| Others Similarly Situated, ) | |
| Plaintiff(s) ) | |
| ) | C/A No.: 2017-CP-40-0635 |
| vs. ) | |
| ) | |
| Associates in Gastroenterology, P.A. and ) | |
| Berkeley Endoscopy Center LLC, ) | |
| ) | |
| Defendant(s) ) | |

**Submitted By:** J. Paul Porter
**Address:** CROMER BABB PORTER & HICKS, LLC
P.O. Box 11675
Columbia, SC 29211

**SC Bar #:** 100723
**Telephone #:** 803-799-9530
**Fax #:** 803-799-9533
**E-mail:** paul@cbphlaw.com

2017 OCT -6 AM 9:34
JEANNETTE W. MCBRIDE C.C.P.&G.S.
RICHLAND COUNTY FILED

## DOCKETING INFORMATION (Check all that apply)

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ General (130)
☐ Breach of Contract (140)
☐ Fraud/Bad Faith (150)
☐ Failure to Deliver/ Warranty (160)
☐ Employment Discrim (170)
☒ Employment (180)
☐ Other (199) _____

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20___-NI-_____
☐ Notice/ File Med Mal (230)
☐ Other (299) _____

**Torts – Personal Injury**
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Assault/Battery (370)
☐ Slander/Libel (380)
☐ Other (399) _____

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499) _____

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799) _____

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999) _____

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Sexual Predator (510)
☐ Permanent Restraining Order (680)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Pre-Suit Discovery (670)

**Submitting Party Signature:** _/s/ J. Paul Porter_   **Date:** October 5, 2017

SCCA / 234 (03/2016)                                                Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS IN THE FIFTH CIRCUIT |
| COUNTY OF RICHLAND | CASE NO. 2017-CP-40-_____ |

Ashlee Smith, Individually, and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

Associates in Gastroenterology, P.A. and Berkeley Endoscopy Center LLC.;

    Defendant.

**SUMMONS**

*(Filed 2017 OCT -6 AM 9:34, Jeanette W. McBride, C.C.P. & G.S., Richland County Filed)*

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

**BURNETTE SHUTT & MCDANIEL, PA**
By: _____
Janet E. Rhodes, Esquire (FID #10521)
Post Office Box 1929
Columbia, SC 29202
Telephone: 803-850-0912
Facsimile: 803-904-7910
Email: Jrhodes@burnetteshutt.law

**CROMER BABB PORTER & HICKS, LLC**
By: _____
J. Paul Porter, Esquire (FID #100723)
1418 Laurel Street, Suite A
Columbia, SC 29202
Telephone: 803-799-9530
Facsimile: 803-799-9533
pporter@jlewiscromerlaw.com

*Attorneys for the Plaintiff*

October 5th, 2017
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | IN THE FIFTH CIRCUIT |
| COUNTY OF RICHLAND | CASE NO. 2017-CP-40-_____ |

Ashlee Smith, Individually, and on Behalf of All Others Similarly Situated,

        Plaintiff,

v.

Associates in Gastroenterology, P.A. and Berkeley Endoscopy Center LLC.;

        Defendant.

**COMPLAINT**
(Jury Trial Demanded)



The Plaintiff, complaining of the Defendants, would respectfully show as follows:

## NATURE OF ACTION

1. The Plaintiff, Ashlee Smith, ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendants, Associates in Gastroenterology, PA. ("AIG") and Berkeley Endoscopy Center LLC. ("BEC") to recover damages caused by the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and the South Carolina Payment of Wages Act ("Wage Act") 41-10-10 *et seq.*

2. This action arises out of Defendant's failure to pay Plaintiff overtime wages or minimum wages as required by the FLSA and regular wages as required by the Wage Act.

## PARTIES AND JURISDICTION, AND VENUE

3. Plaintiff is a citizen and resident of Richland County, South Carolina. Plaintiff was employed by AIG as an endoscopy technician working full-time. Plaintiff was also employed with BEC. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

4. AIG is a corporation organized in and does business in Richland County, South Carolina. AIG is located at 1070 Wildwood Downs Circle, Columbia SC, 29223.

5. AIG is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203, because it has annual sales or business of at least $500,000 and has employees engaged in interstate commerce. AIG is an "employer" within the meaning of the Wage Act, 41-10-10(1) because it is a corporation in South Carolina that employs persons in South Carolina.

6. BEC is a corporation organized in and does business in Richland County, South Carolina. BEC is located at 1072 Wildwood Center Dr. Columbia, SC 29229.

7. BEC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203, because it has annual sales or business of at least $500,000 and has employees engaged in interstate commerce. BEC is an "employer" within the meaning of the Wage Act, 41-10-10(1) because it is a corporation in South Carolina that employs persons in South Carolina.

8. Defendants' businesses are so integrated that they are a "joint-employer" under the FLSA and the Wage Act. Defendants are owned by the same person, Dr. Siva K. Chockalingam.

9. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. 216(b) because this action is based on the FLSA, 29 U.S.C. § 201 *et seq* and the statutory law in South Carolina.

10. Venue is proper in the this Court because Defendants do business in Richland County and the unlawful employment practices giving rise to Plaintiff's claims were committed within this County.

## FACTUAL ALLEGATIONS

11. AIG and BEC are technically separate corporate entities. They are both located in the same office building, separated only by a waiting area that is shared by both entities. AIG provides

routine gastroenterology medical services. BEC receives referrals from AIG for patients for which BEC performs out-patient gastroenterological procedures.

12. Plaintiff was hired by BEC as a part time employee in May 2013 and then by AIG in August 2014, as a full-time, hourly endoscopy technician. Plaintiff worked for AIG full-time until her termination, August 30, 2016. When Plaintiff was hired, she was told that she would work 36-40 hours a week. She was told she would work four, ten hour shifts, Monday through Thursday.

13. Shortly after her hire and thereafter, Plaintiff was required to work more hours than she was told for AIG. AIG paid Plaintiff overtime for the hours that she worked more than 40 for AIG.

14. Plaintiff was also an employee of BEC. Plaintiff worked Fridays and Saturdays for BEC. Plaintiff worked for BEC each week. The number of hours she worked ranged from 14-28 hours for BEC. Plaintiff was only paid straight time for the hours she worked for BEC. It was understood to Plaintiff that to keep her job with AIG, she had to work for BEC.

15. Vacation time was offered to AIG employees. Although Office Manager, Karla Shreve ("Shreve"), gave Plaintiff and other employees a hard time when they requested vacation, because the offices were so short staffed. Further, no employees could use vacation hours on days they were to work for BEC, unless Shreve made a special exception.

16. AIG and BEC function as a joint-employer for the purposes of the FLSA. The following outlines some of AIG and BEC's business actions which make them joint-employers:

   a) AIG and BEC are owned by the same owner;
   b) AIG and BEC are located in the same office;
   c) AIG and BEC are both listed on the same website, www.associates-gi.com. AIG and its logo are listed on the main page. BEC is listed in the heading of the page as a click through option. In BEC's description on the webpage it states BEC "is an independent organization owned and operated by the physician of Associates in Gastroenterology, P.A. Chockalingam is the only physician at AIG;

3

d) Shreve is the practice administrator or office manager for both AIG and BEC. Shreve oversees all human resources for the offices. She is also in charge of payroll, leave, and other scheduling issues for both entities. Under the Staff" section of AIG and BEC's webpage, Shreve is specifically listed as the practice administrator for both BEC and AIG;

e) AIG and BEC share employees. Like the Plaintiff, many BEC employees were also employees of AIG. The AIG employees worked on one side of the office Monday to Thursday and then the other side of the office, BEC, Friday and Saturday;

f) There were instances when Plaintiff and other employees were asked to work for both entities within the same shift. If the clinical side, AIG, was slow on a Thursday afternoon, Plaintiff and others were asked to prep Friday appointments at BEC, getting charts and rooms ready. However, they were not asked to clock out of AIG. AIG paid for the time that they did this type of prep work for BEC;

g) Staff meetings were held on rare occasions. Both AIG and BEC employees attended. Matters relating to both AIG and BEC were discussed during the meetings;

h) For a Christmas party held at Chockalingam's house and a beach retreat weekend, all employees of AIG and BEC attended together. There were not separate parties or retreats.

i) AIG and BEC had a central location and shared office supplies. AIG and BEC had a central location and shared medical supplies;

j) The medication samples given to BEC clients came from AIG stock. The samples were obtained through AIG and signed for under AIG. However, the samples were commonly distributed during BEC operating hours to their clients;

k) Permanent employees of BEC had offices in AIG and worked under AIG's operating hours; and, but not limited to,

l) Plaintiff would receive pay raises from AIG and BEC at the same time.

17. The above is not a comprehensive list, but are some factors that make AIG and BEC joint-employers.

18. As joint-employers, AIG and BEC failed to compensate Plaintiff, and similarly situated employees, at the rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of 40 hours in a workweek for both entities. Defendants knowingly and willfully violated applicable FLSA provisions. *See* 29 U.S.C. § 207(a).

19. Further Plaintiff, and similarly situated employees, were regularly required to work through their ordinary lunch hour, but had a lunch hour deducted from their regular pay; Thus, as joint-employers, AIG and BEC failed to compensate Plaintiff, and similarly situated employees, a minimum wage for lunch hours.

20. Moreover Plaintiff, and similarly situated employees, did not receive wages for lunch hours they worked which were deducted from their regular pay in violation of the Wage Act.

## COLLECTIVE ACTION ALLEGATIONS

21. The foregoing allegations are incorporated herein as set forth verbatim.

22. Plaintiff brings this action, individually and on behalf of all other similarly situated Endoscopy Technicians, former and present, who were/are affected by Defendants' willful and intentional violations of the FLSA and the Wage Act as described herein.

23. Plaintiff brings this claim for relief due to Defendant's violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective is defined as follows:

   a. All current and former employees of Defendant who were/are employed as Endoscopy Technicians in South Carolina from September, 2014 to present,

   b. Who were not paid minimum wages; and/or

   c. Who were not paid regular wages; and/or

   d. Who worked more than forty (40) hours in any work week, but were not paid any overtime compensation.

24. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members are similarly situated in that they are all subjected to Defendants' companywide policy and practice of deducting lunch hour pay to pay Endoscopy Technicians for lunch hours they worked and for not paying their employees

5

overtime when they exceeded 40 hours working for AIG and BEC as a joint employer, in violation of the FLSA.

25. The Collective is so numerous enough that joinder of all members is impractical. While the exact number and identities of Collective members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least twenty-five (25) putative collective members have worked for Defendants during the applicable statutory period without receiving regular wages, minimum wages, and overtime compensation as required by the FLSA and Wage Act respectively.

26. This action is properly brought as a collective action because of the existence of questions of fact and law common to the Collective which predominate over any questions affecting only individual members, including:

    a. Whether Defendants failed to pay Plaintiff and the putative Collective members regular wages when it required Plaintiff and the putative Collective members to work through their respective lunch hours, but deducted one hour's wages from their pay purporting to be their lunch hours;

    b. Whether Defendants failed to pay Plaintiff and the putative Collective members minimum wages when it required Plaintiff and the putative Collective members to work through their respective lunch hours, but deducted one hour's wages from their pay purporting to be their lunch hours;

    c. Whether Defendants constitute a joint employer; and,

    d. Whether Defendants failed to pay Plaintiff and the putative Collective members proper overtime compensation for all hours in the work week in excess of forty hours.

6

27.    Plaintiff has no interests antagonistic to the interests of the other members of this Collective. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of this collective.

28.    Collective certification is also fair and efficient because prosecution of separate actions by individual Collective members would create a risk of differing adjudications with respect to such individual members of the Collective, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

29.    Plaintiff anticipates that there will be no unanticipated difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the Collective and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

### FOR A FIRST CAUSE OF ACTION
Failure to Comply with FLSA Regulations
Demanding Overtime Compensation
(29 U.S.C. § 207(a))

30.    The foregoing allegations are incorporated herein as set forth verbatim.

31.    The FLSA requires that covered employees be compensated for every hour worked in a work week. *See* 29 U.S.C. § 206(b).

32.    The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207(a).

33.    During all times relevant to this complaint, Plaintiff was a covered employee entitled to the FLSA's protections.

34. During all times, relevant to this complaint, Plaintiff was a non-exempt employee and was not an "executive," "administrative," or "professional" employee, as those terms are defined by the FLSA. *See* 29 C.F.R. § 213(a)(1).

35. Defendants are a joint-employer under the FLSA and are required to comply with the FLSA's mandates.

36. Defendants shared control and supervision of the Plaintiff and its other similarly situated employees.

37. Defendants jointly could hire or fire the Plaintiff. This is evidenced by the fact that when Plaintiff was terminated, she was terminated by both Defendants.

38. The relationship between Defendants is intended to be permanent. The Defendants are located in the same building. BEC gets its work from referrals of AIG.

39. During all times relevant to this complaint, Defendants repeatedly violated the FLSA with respect to Plaintiff by failing to compensate Plaintiff at the rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

40. In violating the FLSA, Defendants acted willfully and with disregard of the clearly applicable FLSA provisions.

## FOR A SECOND CAUSE OF ACTION
Failure to Comply with FLSA Regulations
Demanding Minimum Wage Compensation
(29 U.S.C. § 207(a))

41. The foregoing allegations are incorporated herein as set forth verbatim.

42. The FLSA requires that covered employees be compensated for every hour worked in a work week. *See* 29 U.S.C. § 206(b).

43. The FLSA requires that covered employees receive at least a minimum wage of $7.25 per hour. *See*, 29 U.S.C. § 206(a)(1)(C).

44. During all times relevant to this complaint, Plaintiff was a covered employee entitled to the FLSA's protections.

45. During all times, relevant to this complaint, Plaintiff was a non-exempt employee and was not an "executive," "administrative," or "professional" employee, as those terms are defined by the FLSA. *See* 29 C.F.R. § 213(a)(1).

46. Defendants willfully failed to pay Plaintiff a minimum wage by requiring her to work in her lunch hours, but deducting lunch hours from her pay.

47. In violating the FLSA, Defendants acted willfully and with disregard of the clearly applicable FLSA provisions.

### FOR A THIRD CAUSE OF ACTION
Failure to Comply with the Wage Act
Demanding Regular Wage Compensation
(S.C. Code Ann. § 41-10-80(C))

48. The foregoing allegations are incorporated herein as set forth verbatim.

49. The South Carolina Payment of Wages Act requires employers to pay employee's all wages due even with their pay date. S.C. Code Ann. § 41-10-40.

50. Plaintiff, a hourly employee, was not paid all wages due on occasions where she was regularly required to work through her lunch hour, but a lunch hour was nevertheless deducted from her wages.

51. That practice violates the South Carolina Payment of Wages Act, and Defendants are liable for the same.

### FOR A FOURTH CAUSE OF ACTION
(COLLECTIVE ACTIONS CLAIMS)
FOR VIOLATION OF THE FLSA AND WAGE ACT

52. The foregoing allegations are incorporated herein as set forth verbatim.

53. Plaintiff and the putative Collective members' position does not fall under any exception of the FLSA.

54. Plaintiff and all other similarly situated Endoscopy Technicians were/are not paid overtime by the Defendants.

55. Defendants failed to pay Plaintiff and the putative Collective members minimum wages, in violation of the FLSA.

56. Defendants failed to pay Plaintiff and the putative Collective members regular wages, in violation of the wage act.

57. Defendants policies and practices, as described above, was and is willful, intentional, unreasonable, arbitrary and in bad faith.

58. Because Defendants willfully violated the FLSA a three-year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255

## PRAYER FOR RELIEF

59. WHEREFORE, having fully set forth his allegations against Defendants, Plaintiff respectfully requests the following relief:
    a. damages equal to the amount of wages and overtime that Defendants should have paid Plaintiff under the requirements of the FLSA;
    b. liquidated damages in an amount equal to the award of compensatory damages;
    c. all damages available to the Plaintiff under the requirements of the Wage Act;
    d. attorney's fees and costs incurred in bringing this action; and
    e. such further relief as the Court deems just and proper.

**BURNETTE SHUTT & MCDANIEL, PA**

By:_____
Janet E. Rhodes, Esquire (FID #10521)
912 Lady Street, 2ND Floor (29201)
Post Office Box 1929
Columbia, South Carolina 29202
Telephone: 803-850-0912
Facsimile: 803-904-7910
Email: Jrhodes@burnetteshutt.law

**CROMER BABB PORTER & HICKS, LLC**

By:_____
J. Paul Porter, Esquire (FID #100723)
1418 Laurel Street, Suite A
Columbia, South Carolina 29202
Telephone: 803-799-9530
Facsimile: 803-799-9533
pporter@jlewiscromerlaw.com

*Attorneys for the Plaintiff*

October 5th, 2017
Columbia, South Carolina

11