IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ashlee Smith, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>Associates in Gastroenterology, P.A. and Berkeley Endoscopy Center LLC,<br><br>    Defendants. | CA: 3:17-cv-03179-MGL |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff Ashlee Smith, as well as Ashley Pena, and Crystal Richardson, former employees of Defendant(s) who are also represented by Plaintiff's counsel and whom were prepared to join this lawsuit but for settlement being reached (collectively referred to as "Plaintiffs") and Defendants Associates in Gastroenterology, P.A., and Berkeley Endoscopy Center, LLC (collectively referred to as "Defendants"), have reached a settlement (the "Settlement") with respect to Plaintiffs' claims against Defendants.

The Settlement was reached after the parties' counsel exchanged substantial factual information, and was negotiated at arms-length by counsel experienced in wage and hour litigation. The Settlement, if approved, will provide meaningful relief to Plaintiffs. Accordingly, Plaintiffs and Defendants jointly request that the Court enter a Consent Order Approving Settlement Agreement and Release, which will be emailed to the Court for *in camera* review. In further support of this Motion, the parties jointly state as follows:

I.      **Background and Procedural History**

On October 6, 2017, Plaintiff Ashlee Smith commenced this action individually and on behalf of alleged similarly-situated persons asserting violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the South Carolina Payment of Wages Act, S.C. Code §§ 41-10-10, *et seq.*, against Defendants in the Richland County Court of Common Pleas. (ECF No. 1-1.) Defendants timely removed the case to this Court on November 22, 2017. (ECF No. 1.) Since that time, Defendants informally provided payroll records, time sheets, and other documents central to the claims in this case, and counsel for the parties have discussed the factual background of the case on multiple occasions.

Through subsequent negotiations, Plaintiffs[1] reached an agreement with Defendants to settle their claims and dismiss this case with prejudice. The parties are now seeking the Court's approval of the parties' confidential Settlement Agreement and Release (Settlement). The Settlement is the compromise of disputed claims and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, common law, or any violation of Plaintiffs' rights.

Defendants expressly deny having engaged in any wrongdoing or unlawful conduct as alleged in this lawsuit, disputes Plaintiffs' entitlement to the amounts to be paid under the Settlement absent the parties' compromise, and disagrees with Plaintiffs as to, for example and without limitation, their claims that Defendants violated the FLSA or the South Carolina Payment of Wages Act. Nevertheless, the parties have entered into this Settlement as a compromise to

---

[1] As noted above, while Ashley Pena and Crystal Richardson are not captioned Plaintiffs in this lawsuit, the parties ask that they be included in this settlement approval in the interest of judicial economy as they are both represented by Plaintiffs' counsel and wish to resolve their claims which are substantially similar to those brought by Ashlee Smith.

2

avoid the risks, distractions, and costs that will result from further litigation. Therefore, the parties jointly request that the Court approve the parties' Settlement and dismiss this case with prejudice.

## II.     Legal Authority

The parties request that the Court approve their Settlement because it was achieved in an adversarial context, the Plaintiffs are represented by experienced counsel who could protect their rights, and the Settlement reflects a reasonable compromise over disputed issues. Moreover, the settlement provisions are otherwise fair and reasonable under all of the facts and circumstances.

### A.     The FLSA Permits the Settlement and Release of Claims with Court Approval

"The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought by an employer's overreaching.'" *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the Fourth Circuit has not directly addressed the factors to consider in determining whether a settlement reached in a FLSA case is fair and reasonable, various federal courts have analogized to the fairness factors generally considered for court approval of class action settlements under Federal Rule of Civil Procedure 23(e). *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 721-22 (E.D. La. 2008) (citing *Camp v. Progressive Corp.*, 2004 WL 2149079 at 4-5 (E.D. La. Sept. 23, 2004) and *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)); *Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119 at 13-14 (C.D. Cal. Feb. 25, 2008); *Brash v. Heartland Automotive Servs., Inc.*, 2006 WL 2524212, at *2 n. 1) (D. Minn. Aug. 15, 2006). The Fourth Circuit has noted that these factors are consistent with those used by other federal courts in assessing fairness, and the

same factors have been applied to a settlement agreement under Title VII of the Civil Rights Act of 1964. *In re Jiffy Lube Securities Litig.*, 927 F.2d 155, 158 n. 1 (4th Cir. 1991).

Accordingly, when reviewing a proposed settlement of an FLSA claim to determine whether the proposed settlement is reasonable, adequate and fair, the Court should consider: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; and (5) the probability of plaintiffs' success on the merits and the amount of settlement in relation to the potential recovery. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) (evaluating the fairness of settlement involving class claims of sex discrimination).

**B.    The Settlement in this Action is Reasonable, Adequate and Fair**

As noted above, while the parties did not engage in formal written discovery, Defendants did provide documents to Plaintiffs that go straight to the heart of their claims for unpaid wages and overtime; namely, wage and hour documentation. Those documents allowed the parties to analyze and calculate the amount of potential damages at issue, assuming Plaintiffs could establish liability. Moreover, counsel have made good-faith and reliable representations and disclosures to each other about central facts related to Plaintiffs' duties and time worked. There was no fraud or collusion as part of the settlement or negotiation process. Rather, the parties negotiated in good faith to reach an agreeable resolution of this matter over a period of several months. These factors weigh in favor of a reasonable, adequate and fair settlement. *See Flinn*, 528 F.2d at 1173; *see also Monzon v. Gali Serv. Indus.*, 2015 WL 1650167 (D. Md. Apr. 13, 2015) (settlement approved at an early point in proceedings, before discovery took place, where parties were represented by counsel and settlement was the product of negotiations between them); and *Villarroel v. Sri Siva*

*Vishnu Temple*, 2014 WL 7460967 (D. Md. Dec. 31, 2014) (settlement approved where the parties exchanged wage and hour information about the plaintiffs outside of formal discovery).

Additionally, because Plaintiffs' claims arise under the FLSA, this case will likely involve complex legal and factual issues to be determined at trial.  *See Holladay v. Burch, Oxner, Seale Co., CPA's, PA*, 2009 WL 614783, at *3 (D.S.C. Mar. 6, 2009) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981)) ("FLSA claims typically involve complex mixed questions of fact and law . . . .").  Accordingly, the potential expense of moving forward with the case in relation to the potential for recovery over complex legal issues, weighs in favor of approving the parties' resolution of this matter.

The parties disagree as to the likelihood of Plaintiffs' success on the merits in this case.  However, the total amount of the Settlement exceeds the amounts allegedly owed to Plaintiffs individually for wages allegedly unpaid in the two year time period before this case was commenced.  The Settlement takes into account Plaintiffs' burdens of proof to recover liquidated damages, which would require them to prove not only the merits of their claims, but also to rebut Defendants' assertion that they acted in good faith.  *See* 29 U.S.C. §§ 216(b) and 260 (stating that an employee can recover unpaid overtime compensation plus an equal amount as liquidated damages, but that the court may decline to award liquidated damages where the employer shows that the act or omission giving rise to such action was in good faith and that there were reasonable grounds for believing that the act or omission was not a violation).

The Settlement includes an additional amount for costs, expenses, and attorneys' fees, which fully satisfies any and all obligations Plaintiffs may have to their attorneys for the payment of fees and expenses.  Essentially, Plaintiffs are recovering on their claims for unpaid compensation, plus their attorneys' fees, while foregoing potential liquidated damages claims.

For the reasons stated above, the parties submit that their Settlement in this case should be approved because it is reasonable, adequate, and fair.

**III.     Conclusion**

The parties jointly and respectfully request that the Court approve the Settlement and the terms of the release and, upon approval of the Settlement, that the Court dismiss this action with prejudice. A proposed Order has been sent to the Court via email in accordance with its preferences.

Dated this 24th day of July 2018.

Respectfully submitted,

| | |
|---|---|
| CROMER BABB PORTER & HICKS, LLC | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| *s/J. Paul Porter* | *s/William L. Duda* |
| J. Paul Porter (Fed. ID No. 11504) | William L. Duda (Fed. ID No. 7740) |
| 1418 Laurel Street – Suite A | *s/Christopher R. Thomas* |
| Columbia, SC 29201 | Christopher R. Thomas (Fed. ID No. 11793) |
| 803.799.9530 (telephone) | |
| 803.799.9533 (facsimile) | First Base Building |
| paul@cbphlaw.com | 2142 Boyce Street, Suite 401 |
| | Columbia, SC 29201 |
| BURNETTE SHUTT & MCDANIEL, P.A. | 803.252.1300 (telephone) |
| | 803.254.6517 (facsimile) |
| Janet E. Rhodes, Jr. (Fed. ID No. 10521) | bill.duda@ogletree.com |
| 912 Lady Street, 2nd Floor | christopher.r.thomas@ogletree.com |
| Columbia, SC 29201 | |
| 803.850.0912 (telephone) | *s/Charles E. McDonald III* |
| 803.904.7910 (facsimile) | Charles E. McDonald III (Fed. ID No. 6767) |
| jrhodes@burnetteshutt.law | The Ogletree Building |
| | 300 North Main Street, Suite 500 (29601) |
| | Post Office Box 2757 |
| | Greenville, SC  29602 |
| | 864.271.1300 (telephone) |
| | 864.242.0037 (facsimile) |
| | Chuck.McDonald@ogletree.com |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANTS** |